IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| GRANITE STATE INSURANCE COMPANY, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) CIVIL ACTION 19-0848-WS-M |
| NEW WAY OUT, CORPORATION, et al., | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on the plaintiff's motion to dismiss Counts Two and Three of the defendants' counterclaim. (Doc. 20). The parties have filed briefs and other materials in support of their respective positions, (Docs. 19-20, 29-30), and the motion is ripe for resolution.

Counts Two and Three attempt, in skeletal fashion, to allege causes of action for normal and abnormal bad faith under Alabama law. (Doc. 11 at 4-5). The plaintiff correctly points out that the counterclaim fails even to allege all the elements of these causes of action; as such, it necessarily fails to allege these claims with the plausibility required by Rule 8(a) as construed by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and other cases. The defendants attempt no defense of their pleading but instead offer almost 200 pages of exhibits to support an unpleaded claim of bad faith failure to settle.

For the reasons set forth above, the motion to dismiss is **granted**. Counts Two and Three of the counterclaim are **dismissed**. The defendants may file and serve, on or before **April 6, 2020**, an amended counterclaim that corrects the deficiencies in Counts Two and Three, failing which this dismissal will be with prejudice and without further leave to amend as to the dismissed claims. Before

repleading Counts Two and Three, the defendants should satisfy themselves that they can satisfactorily meet the plaintiff's objection that their bad faith claims must fail as a matter of law for lack of damages.

DONE and ORDERED this 23rd day of March, 2020.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE