# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| GRANITE STATE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION 19-0848-WS-M ) |
| NEW WAY OUT, CORPORATION, et al., | ) ) ) |
| Defendants. | ) |

**ORDER**

The plaintiff moved for summary judgment on two grounds. (Doc. 60). After briefing, (Docs. 60, 66, 67), the Court denied the motion. (Doc. 68). The plaintiff has now filed a motion to reconsider. (Doc. 72). Familiarity with the Court's earlier ruling is assumed.

The plaintiff seeks to avoid liability for a consent judgment entered in the underlying litigation. The first ground of its motion for summary judgment invoked the "legally obligated to pay" language of the insuring agreement and is not at issue on the instant motion. The second ground invoked the "consent clause," under which "[n]o insured will, except at that insured's own cost, voluntarily … assume any obligation … without our consent." The plaintiff on motion to reconsider argues the Court erred in its resolution of this argument.

"As the Court has ruled countless times, a motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Eaton v. Department of Veterans Affairs*, 2020 WL 5521376 at *3 (S.D. Ala. 2020) (internal quotes omitted). "As this Court has noted, motions to reconsider serve a valuable but limited function. They do not

exist to permit losing parties to prop up arguments previously made or to inject new ones, nor to provide evidence or authority previously omitted.  They do not, in short, serve to relieve a party of the consequences of its original, limited presentation." *Coleman v. Unum Group Corp.*, 2016 WL 5539625 at *1 (S.D. Ala. 2016) (emphasis added).  The plaintiff recognizes these parameters but asserts the Court committed clear error correctable on motion to reconsider.  (Doc. 72 at 3-4 & n.2).

Both sides relied on *Twin City Fire Insurance Co. v. Ohio Casualty Insurance Co.*, 480 F.3d 1254 (11th Cir. 2007), for the proposition that, "[i]n Alabama, when an insurer has a right to defend its insured, receives notice of settlement negotiations, and refuses to participate, the insurer waives the right to assert the no-action [or consent] clause in a later suit to determine coverage …." *Id*. at 1258; *accord id*. at 1261.  (Doc. 66 at 9; Doc. 67 at 4).  The Court addressed the plaintiff's extensive argument that it had not refused to participate in settlement negotiations, concluding the plaintiff had failed to show that Alabama law does (or would, were the question presented) deem the plaintiff's conduct to negate a refusal to participate.  (Doc. 60 at 10-11).

On motion to reconsider, the plaintiff asserts the Court mischaracterized its position and so did not address its actual argument.  Its actual argument, it says, was that the *only* exception to the enforceability of a consent clause arises when the insurer refuses to defend its insured, an exception which derives from *Liberty Mutual Insurance Co. v. Wheelwright Trucking Co*., 851 So. 2d 466 (Ala. 2002), and which *Twin City* does not extend any further.  (Doc. 72 at 4-5).  A review of the plaintiff's reply brief reveals this is not an accurate description of its argument.

The plaintiff's principal brief did not cite *Wheelwright* or *Twin City*.  (Doc. 60 at 17-20).  The defendants' brief raised these cases, describing them as standing for the proposition that an insurer waives the benefit of a consent clause "when it refuses to participate in settlement negotiations of the underlying lawsuit," even when "defending under a reservation of rights."  (Doc. 66 at 9).

In its reply brief, the plaintiff described *Wheelwright* as "holding" that an insurer's waiver of the consent clause "is limited to situations where the insurer has refused to defend its insured *and/or* to participate in settlement negotiations." (Doc. 67 at 1 (emphasis added)). "Because Granite State defended the Subcontractor Defendants *and* did not refuse to participate in settlement negotiations, no waiver occurred in this case." (*Id*. at 1-2 (emphasis added)). The italicized language makes clear that the plaintiff conceded a waiver would arise if *either* circumstance (failure to defend *or* failure to participate in settlement negotiations) were present.

The plaintiff then affirmed the "holding" of *Twin City*, *viz*., that "'when an insurer has a right to defend its insured, receives notice of settlement negotiations, and refuses to participate, the insurer waives the right to assert the no-action [or consent] clause ….'" (Doc. 67 at 4 quoting *Twin City*, 480 F.3d at 1258)). This exception focuses on a failure to participate in settlement negotiations and does not mention, or assign significance to, a refusal to defend.

In addressing *Twin City*, the plaintiff identified the circumstances "[c]entral to" waiver of the consent clause in that case as the insurer's "decision not to participate in a mediation after being requested to attend and being provided the information necessary to evaluate the claim." (Doc. 67 at 6). The plaintiff did not identify a failure to provide a defense as a circumstance necessary to trigger the exception identified in *Twin City*.

The plaintiff later described the "pertinent circumstances" in *Twin City*, as applied to its situation, as that it was "actively defending" the defendants in the underlying litigation and that it "never refused to participate in settlement negotiations." (Doc. 67 at 6). Again, the plaintiff presented these as alternative grounds for a waiver, both of which it had to defeat in order to enforce the consent clause.

Finally, the plaintiff repeatedly stressed its position that it had never refused to engage in settlement negotiations, without suggesting the question was moot because its uncontroverted provision of a defense of itself necessarily precluded a waiver. (Doc. 67 at 1-2, 5-8, 10-12).

It is plain from all these circumstances that the plaintiff did not deny the existence of an exception based on a refusal to engage in settlement negotiations but instead treated such a refusal as an alternative means of triggering a waiver of a consent clause.

The plaintiff does not acknowledge these portions of its reply brief. Instead, it points to a number of places in which it insisted that the only exception recognized in *Wheelright* depends on the insurer's refusal to defend its insured. (Doc. 67 at 3, 4, 8 n.5, 9, 11). Those assertions were presented to the Court, but they were addressed to the scope of the *Wheelwright* exception (the first exception). The question the Court addressed, however, focused on the *Twin City* exception (the second exception) – an exception the defendant asserted is not dependent on whether the insurer refused to defend its insured but on whether the insurer, though defending under a reservation of rights, refused to participate in settlement negotiations. The defendants expressly asserted the existence of such an exception under *Twin City*, (Doc. 66 at 9), and the issue was properly before the Court.

In its motion to reconsider, the plaintiff repeatedly insists that *Twin City* could not have created a second exception, because it relied only on *Wheelwright*, which does not mention or support such an exception. (Doc. 72 at 3, 4, 5, 7, 8). The plaintiff's reasoning is suspect on multiple levels, but the threshold difficulty is that the plaintiff articulated no such argument in its reply brief. Instead, the plaintiff offered only the bald conclusion, expressed in a single sentence of a twelve-page brief, that *Twin City* "rel[ies] upon the same exception to the enforcement of the consent clause … determinative in *Wheelwright* and do[es] not advance Defendants' position." (Doc. 67 at 4). The plaintiff's *ipse dixit* imposed

4

no burden on the Court to concoct or support a rationale supporting it, and a motion to reconsider cannot be used to provide (or bolster) an argument a losing party omitted from (or treated superficially in) its original presentation.

For the reasons set forth above, the plaintiff's motion to reconsider is **denied**.

DONE and ORDERED this 22nd day of February, 2021.

                                                s/ WILLIAM H. STEELE
                                                UNITED STATES DISTRICT JUDGE